# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:12-CR-76-TLS |
| | ) | (1:16-CV-249) |
| BRANDON A. PETERS | ) | |

## OPINION AND ORDER

The Defendant, Brandon A. Peters, is serving a sentence for armed robbery of a controlled substance from a pharmacy in violation of 18 U.S.C. § 2118(a) and (c), and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The Defendant now seeks to vacate his conviction and sentence under § 924(c) [Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 82]. His Motion is predicated on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Defendant maintains that robbery of a controlled substance can no longer be a predicate offense for a § 924(c) conviction.

The Defendant filed his Motion on June 27, 2016. The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 added a one-year statute of limitations for prisoners to assert collateral attacks on their sentences under Section 2255. *See* 28 U.S.C. § 2255(f). The limitations period begins to run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could
have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). The Defendant maintains that his Motion is timely filed under subsection (f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson*, whish is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (*Johnson* announced a new substantive rule which applies retroactively on collateral review). The Supreme Court decided *Johnson* on June 26, 2015. However, because June 26, 2016, was a Sunday, the Court treats the June 27 Motion as timely filed. *See* Fed. R. Civ. P. 6(a)(3); R. 12 of Rules Governing Section 2255 Proceedings.

## ANALYSIS

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution of the United States. *See* 28 U.S.C. § 2255(a). Relief under § 2255 is "available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude or a fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

To sustain a conviction under 18 U.S.C. § 924(c)(3), the government must prove that the defendant (1) used or carried a firearm and (2) did so during and in relation to a "crime of violence." Under § 924(c)(3), the term "crime of violence" is "an offense that is a felony" that (A) "has as an element the use, attempted use, or threatened use of physical force against the

2

person or property of another" or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A)–(B). Subsection (A) is known as the elements clause, and subsection (B) is referred to as the residual clause.

The substantive underlying crime of violence (or drug trafficking crime) is identified in the § 924(c) charge itself. *See Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016) (noting that a § 924(c) offense is a stand-alone crime for which no underlying conviction needs to be obtained). Here, the Indictment identifies the predicate crime of violence as armed robbery of controlled substances, in violation of 18 U.S.C. § 2118(a) and (c)(1). A defendant commits robbery of a controlled substance if he:

> takes or attempts to take from the person or presence of another by force or violence or by intimidation any material or compound containing any quantity of a controlled substance belonging to or in the care, custody, control, or possession of a person registered with the Drug Enforcement Administration under section 302 of the Controlled Substances Act (21 U.S.C. 822) . . . if (1) the replacement cost of the material or compound to the registrant was not less than $500, (2) the person who engaged in such taking or attempted such taking traveled in interstate or foreign commerce or used any facility in interstate or foreign commerce to facilitate such taking or attempt, or (3) another person was killed or suffered significant bodily injury as a result of such taking or attempt.

18 U.S.C. § 2118(a). The offense can be enhanced and charged under subsection (c)(1) if, while committing or attempting to commit the robbery, the defendant "assaults any person, or puts in jeopardy the life of any person, by the use of a dangerous weapon or device." *Id.* § 2118(c)(1).

As already stated, the Defendant's Motion invokes the Supreme Court's decision in *Johnson*, which held that the residual clause of the definition of a "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. 135 S. Ct. at 2557 (invalidating the phrase "or otherwise involves conduct that presents a serious potential

3

risk of physical injury to another"). The Defendant was not sentenced under the ACCA, but he claims that robbery of a controlled substance no longer qualifies as a crime of violence under § 924(c)(3) based on *Johnson's* reasoning. His argument is two-part.

In one part, he argues that the holding in *Johnson* necessarily rendered the residual clause of § 924(c)(3)(B) unconstitutionally vague. That argument has merit. *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (holding that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague). However, it is not necessary to rely on the residual clause in this case because robbery under § 2118(a) and (c)(2) is a crime of violence under § 924(c)'s elements clause.

The Supreme Court has defined the phrase "physical force" to require no more than "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010)[1] (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003)); *see also United States v. Duncan*, 833 F.3d 751, 754 (7th Cir. 2016). The Defendant insists that § 2118(a) robbery does not meet the definition because it can be committed through the use of non-forceful means. For example, it can be accomplished through "intimidation," which the Defendant argues does not qualify as force or violence. The Defendant also submits that placing someone in fear of "bodily harm" does not require "violent force." For example, a defendant could place another in fear of bodily harm by threatening to poison that person, releasing hazardous chemicals on that person, or locking that person up in a room without food or water. The Defendant argues that none of these methods would require violent force. Finally, he asserts that even armed robbery

---

[1] This *Johnson* case, decided in 2010, is different case than the 2015 *Johnson* case that invalidated the residual clause of the ACCA.

under subsection (c)(1) can be accomplished without the use of strong physical force and, thus, through means that do not satisfy the elements clause of § 924(c).

The language of the § 2118 mirrors the language of the federal bank robbery statute, which makes it illegal to "by force and violence, or by intimidation" take or attempt to take property or money in the care of a bank. 18 U.S.C. § 2113(a). Force, violence, and intimidation are the same methods cited in § 2118(a). Both statutes then enhance the penalty for the offense if, when the robbery was attempted or committed, the person "assaults any person, or puts in jeopardy the life of any person, by the use of a dangerous weapon or device." 18 U.S.C. §§ 2113(d) & 2118(c)(1).

In *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016), the Seventh Circuit rejected arguments similar to those the Defendant advances here to find that the crime of attempted armed bank robbery qualifies as a crime of violence under § 924(c). In *Armour*, the Seventh Circuit rejected the defendant's argument that robbery by intimidation under § 2113(a) does not satisfy the elements clause of § 924(c), holding that, even presuming the conviction rested on the least serious acts that could satisfy the statute, "bank robbery under § 2113(a) inherently contains a threat of violent physical force." 840 F.3d at 909 ("A bank employee can reasonably believe that a robber's demands for money to which he is not entitled will be met with violent force of the type satisfying" the Supreme Court's definition). The Supreme Court has also held that "the act of employing poison knowingly as a device to cause physical harm" is a use of force. *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014) ((interpreting 18 U.S.C. 922(g)(9)). For similar reasons, the Defendant's remaining proposed scenarios, such as releasing hazardous chemicals, or locking a person up in a room without food or water, would satisfy the use of force

5

standard. *See United States v. Waters*, 823 F.3d 1062, 1066 (7th Cir. 2016) (reasoning that "withholding medicine causes physical harm, albeit indirectly, and thus qualifies as the use of force under *Castleman*").

*Armour* also forecloses the Defendant's argument that subsection (c)(1) robbery can be satisfied without the strong physical force required by the 2010 *Johnson* case. *See Armour*, 840 F.3d at 909 (holding that the "victim's fear of bodily harm is necessarily fear of violent physical force that is inherent in armed bank robbery"). This is so because the actions putting the victim in fear must be "by the use of a dangerous weapon or device." *Id.*

Because robbery of controlled substances under § 2118(a) and (c)(1) is crime of violence, the Court finds no basis to vacate the Defendant's firearm conviction under 18 U.S.C. § 924(c).

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 82]. Because reasonable jurists would not debate that the Motion fails to present a valid claim of the denial of a constitutional right, or that the Motion should have been resolved in a different manner, the Court DECLINES to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(3).

SO ORDERED on February 1, 2017.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT